# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY ROMO,**
       **Plaintiff,**

    v.                                                                      **Case No. 15-CV-0526**

**FOND DU LAC COUNTY, et al.,**
       **Defendants.**

## DECISION AND ORDER

Plaintiff Anthony Romo has filed an action against defendants Fond du Lac County, Fond du Lac County Jail, and several unknown Fond du Lac County employees. He asserts that his civil rights were violated when county jail staff repeatedly denied him medication, causing him physical health problems and requiring emergency room visits, and when staff placed him in isolation as a result of these physical problems. Ordinarily, a plaintiff must pay a filing fee of $400 to bring an action in federal court, which includes the $350 statutory filing fee and a $50 administrative fee. 28 U.S.C. § 1914(a). However, plaintiff has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to the federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply. See West v. Macht, 986 F. Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may

commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavits of indigence. Upon review of those affidavits, I am satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff was recently released from prison and therefore has no job. His monthly expenses are currently more than his income, which is limited to public assistance. Additionally, plaintiff has stated the nature of his claim and asserted his belief that he is entitled to redress.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendant or its counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 15th day of May, 2015.

                        s/ Lynn Adelman
                        _____
                        LYNN ADELMAN
                        District Judge